**22SL-CC04849**

Electronically Filed - St Louis County - November 14, 2022 - 08:35 PM

## IN THE ST. LOUIS COUNTY CIRCUIT COURT
## STATE OF MISSOURI

| | |
|---|---|
| Kimberly Diesel, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| - against - | Jury Trial Demanded |
| Mariani Packing Company, Inc., | SERVE DEFENDANT AT: |
| Defendant | 500 Crocker Dr, Vacaville, CA 95688 |

Plaintiff alleges upon information and belief, except for allegations pertaining to Plaintiff, which are based on personal knowledge:

1.   Mariani Packing Company, Inc. ("Defendant") manufactures, labels, markets, and sells bags of Vanilla Yogurt Raisins under the Mariani Premium brand ("Products").



Electronically Filed - St Louis County - November 14, 2022 - 08:35 PM

## I.    CONSUMERS VALUE BIGGER PACKAGING

2.    Consumers purchasing everyday items such as low-cost groceries are likely to exhibit a low degree of care.

3.    The average consumer spends 13 seconds making an in-store purchasing decision.

4.    Faced with a large and a smaller bag, consumers choose the larger bag, thinking it is a better value.

5.    Studies show approximately 80 percent of consumers do not look at label information, especially the net weight and servings.

6.    Though a reasonable consumer does not expect a package to burst at the seams, they expect the amount of product bears a reasonable relationship to the size of the package.

## II.   EMPTY SPACE IN DEFENDANT'S BAGS OF VANILLA YOGURT RAISINS

7.    The Product is sold in a bag 19.5 centimeters high.

8.    Despite its height, the bag is filled only 8 centimeters with vanilla yogurt raisins.



9.    The result is that the package is 42% full of Vanilla Yogurt Raisins, with 58% empty

Electronically Filed - St Louis County - November 14, 2022 - 08:35 PM

space.

10.    Consumers are misled into believing that they are purchasing substantially more vanilla yogurt raisins than they receive.

## III.   NO LEGITIMATE REASONS FOR EMPTY SPACE

11.    Federal and identical state regulations recognize that deceptive packaging can be used to the detriment of consumers, but also that there are valid reasons ("safe harbors") for why foods may have what appears to be excess space, or slack-fill. *See* 21 C.F.R. § 100.100 ("Misleading containers.").

12.    For slack-fill to be deemed nonfunctional, the empty space cannot be due to one of the six recognized safe harbors. 21 C.F.R. § 100.100(a)(1)-(6) ("Safe Harbors").

13.    The slack-fill in the Product is nonfunctional because it is not covered under any of these safe harbors.

14.    First, the vanilla yogurt raisins do not require more than 58% empty space to protect them from damage, as they are not at risk of breakage. *See* 21 C.F.R. § 100.100(a)(1) ("Protection of the contents of the package").

15.    This is in contrast to potato chips, which contain a significant amount of air, to prevent the contents from being crushed and the chips destroyed.

16.    In fact, the vanilla yogurt raisins would be better protected in a smaller bag, because all of the excess air at the top allows other items to press against this portion of the packaging, possibly causing it to "pop" or be damaged.

17.    Second, there are no requirements of the machines used to enclose the contents that would leave over 58% of empty space. *See* 21 C.F.R. § 100.100(a)(2) ("The requirements of the machines used for enclosing the contents in such package").

Electronically Filed - St Louis County - November 14, 2022 - 08:35 PM

18. These machines can use less plastic and contain the same amount of vanilla yogurt raisins.

19. Third, no issue exists with respect to the vanilla yogurt raisins settling during shipping and handling. *See* 21 C.F.R. § 100.100(3) ("Unavoidable product settling during shipping and handling")

20. Vanilla yogurt raisins are dense, and no settling occurs after they are filled in the bag.

21. Fourth, the packaging is not required to perform a specific function, i.e., play a role in the preparation or consumption of the vanilla yogurt raisins. *See* 21 C.F.R. § 100.100(4).

22. The packaging is there to hold the vanilla yogurt raisins and is not needed to consume the Product.

23. Fifth, although the bag does contain a "TouckLock Easy Seal" re-sealable top which could facilitate its further use, the bag is not part of the presentation of the vanilla yogurt raisins and does not have value in proportion to the value of the Product, independent of its function to hold the food. *See* 21 C.F.R. § 100.100(5).

24. This is confirmed because the bag is typically discarded after consumption of the Product, and is not intended to be reused or filled with other items, such as a gift basket or "durable commemorative or promotional packages" would be. *See* 21 C.F.R. § 100.100(5).

25. Sixth, no inability exists to increase the amount of vanilla yogurt raisins or to reduce the size of the bag to a minimum size necessary to accommodate required food labeling or perform another purpose. *See* 21 C.F.R. § 100.100(6).

26. It is easier to use smaller plastic packaging, because this will still provide space for the contents, and save money on packaging materials.

27. To the extent the front of the Product contains a "transparent window," which may

Electronically Filed - St Louis County - November 14, 2022 - 08:35 PM

indicate to consumers where the contents come up to, this window is located on the lower third of the packaging, with the top of the window ending right below, or just at, the height where the vanilla yogurt raisins settle.

## IV.   CONCLUSION

28.   The Product contains other representations which are misleading.

29.   Reasonable consumers must and do rely on a company to honestly identify and describe the components, attributes, and features of a product, relative to itself and other comparable products or alternatives.

30.   The value of the Product that Plaintiff purchased was materially less than its value as represented by Defendant.

31.   Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

32.   As a result of the false and misleading representations, the Product is sold at a premium price, approximately 4.99 per 7 oz (198g), excluding tax and sales, higher than similar products, represented in a non-misleading way, and higher than it would be sold for absent the excessively large and underfilled bag.

### Parties, Jurisdiction & Venue

33.   Plaintiff Kimberly Diesel is a citizen of Missouri, and resides in this judicial circuit.

34.   Defendant Mariani Packing Company, Inc. is a California corporation with a principal place of business in Vacaville, Solano County, California.

35.   The members of the class or classes Plaintiff seeks to represent are more than 100, because the Product has been sold with the representations described here for several years, in thousands of stores and online, across the States covered by Plaintiff's proposed classes.

Electronically Filed - St Louis County - November 14, 2022 - 08:35 PM

36.    The Product is available to consumers from grocery stores, big box stores, convenience stores, and online.

37.    Venue is appropriate in this Court because a substantial part of the events or omissions giving rise to the claims occurred here, including Plaintiff's purchase, transactions and/or use of the Product and awareness and/or experiences of and with the issues described here.

38.    Plaintiff purchased the Product at locations including Dierbergs, 860 Arnold Commons Drive, St. Louis, Missouri 63010, in or around October 2022, among other times.

39.    Plaintiff relied on the words, terms coloring, descriptions, layout, placement, packaging, and/or images on the Product, on the labeling, statements, omissions, claims, and instructions, made by Defendant or at its directions, in digital, print and/or social media, which accompanied the Product and separately, through in-store, digital, audio, and print marketing.

40.    Plaintiff viewed the container and expected it would contain more of the vanilla yogurt raisins than it did and that the contents would be greater than they were.

41.    Plaintiff was disappointed when he opened the bag and saw the bag was mostly empty, and that the vanilla yogurt raisins did not even fill half the bag.

42.    Plaintiff bought the Product at or exceeding the above-referenced price.

43.    Plaintiff chose between Defendant's Product and products represented similarly, but which did not misrepresent their attributes, features, and/or components.

44.    Plaintiff would not have purchased the Product if she knew the bag would be mostly empty or would have paid less for it.

45.    The Product was worth less than what Plaintiff paid and she would not have paid as much absent Defendant's use of an excessively large bag.

46.    Plaintiff intends to, seeks to, and will purchase the Product again when she can do so

Electronically Filed - St Louis County - November 14, 2022 - 08:35 PM

with the assurance the its representations are consistent with its attributes and/or composition.

47.    Plaintiff is unable to rely on the labeling and representations not only of this Product, but other similar dried fruit products raising identical issues, because she is unsure whether those representations are truthful.

Class Allegations

48.    Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following classes:

> **Missouri Class:** All persons in the State of Missouri who purchased the Product during the statutes of limitations for each cause of action alleged; and a
>
> **Consumer Fraud Multi-State Class**: All persons in the States of Missouri, Illinois, Maryland, Hawaii, New York, Washington D.C., Rhode Island, Vermont, Washington, and Connecticut who purchased the Product during the statutes of limitations for each cause of action alleged.

49.    Common questions of issues, law, and fact predominate and include whether Defendant's representations were and are misleading and if Plaintiff and class members are entitled to damages.

50.    Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

51.    Plaintiff is adequate representative because her interests do not conflict with other members.

52.    No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

53.    Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

54.    Plaintiff's counsel is competent and experienced in complex class action litigation

Electronically Filed - St Louis County - November 14, 2022 - 08:35 PM

and intends to protect class members' interests adequately and fairly.

55.    Plaintiff seeks class-wide injunctive relief because the practices continue.

<u>Missouri Merchandising Practices Act ("MMPA"),</u>
<u>Mo. Rev. Stat. § 407.010, *et seq.*</u>

56.    Plaintiff incorporates by reference all preceding paragraphs.

57.    Plaintiff purchased the Product for her own, personal use.

58.    Plaintiff and all members of the proposed class are "persons" and the Products are "merchandise" as those terms are defined under the MMPA.

59.    Defendant designed the plastic bag packaging so consumers like Plaintiff would expect that it contained more vanilla yogurt raisins than it did.

60.    The container misleads consumers because it is only 42 % filled with vanilla yogurt raisins, having approximately 58 % empty space.

61.    Plaintiff relied on the size of the bag to expect it would contain more vanilla yogurt raisins than it did.

62.    Plaintiff would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Violation of State Consumer Fraud Acts</u>
<u>(Consumer Fraud Multi-State Class)</u>

63.    The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class are similar to the consumer protection statute invoked by Plaintiff and prohibit the use of unfair or deceptive business practices in the conduct of commerce.

64.    The members of the Consumer Fraud Multi-State Class reserve their rights to assert their consumer protection claims under the Consumer Fraud Acts of the States they represent and/or the consumer protection statute invoked by Plaintiff.

Electronically Filed - St Louis County - November 14, 2022 - 08:35 PM

65. The members of the Consumer Fraud Multi-State Class were misled similarly to Plaintiff with respect to their expectations the Product would contain more vanilla yogurt raisins than it did.

Breaches of Express Warranty,
Implied Warranty of Merchantability/Fitness for a Particular Purpose and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

66. The Product was manufactured, identified, and sold by Defendant and expressly and impliedly warranted to Plaintiff and class members that it contained an amount of vanilla yogurt raisins that had a reasonable relationship to the packaging in which they were presented.

67. Defendant directly marketed the Product to Plaintiff through its advertisements and marketing, through various forms of media, on the packaging, in print circulars, direct mail, distributed product descriptions, and targeted digital advertising.

68. Defendant knew the product attributes that potential customers like Plaintiff were seeking and developed its marketing and labeling to directly meet those needs and desires.

69. Defendant's representations about the Product were conveyed in writing and promised it would be defect-free, and Plaintiff understood this meant the Product contained an amount of vanilla yogurt raisins that had a reasonable relationship to the packaging in which they were presented.

70. Defendant's representations affirmed and promised that the Product contained an amount of vanilla yogurt raisins that had a reasonable relationship to the packaging in which they were presented.

71. Defendant described the Product as one which contained an amount of vanilla yogurt raisins that had a reasonable relationship to the packaging in which they were presented, which became part of the basis of the bargain that the Product would conform to its affirmation and promises.

Electronically Filed - St Louis County - November 14, 2022 - 08:35 PM

72.     Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

73.     This duty is based on Defendant's outsized role in the market for this type of Product, a trusted company known for its high-quality products, transparent labeling, and a commitment to putting customers first.

74.     Plaintiff recently became aware of Defendant's breach of the Product's warranties.

75.     Plaintiff has provided written notice to Defendant, its agents, representatives, retailers, and their employees that it breached the Product's express and implied warranties, specifically sending, on or before October 25, 2022, a Notice Letter to Defendant at its business address, set forth *supra*.

76.     Defendant received notice and should have been aware of these issues due to complaints by third-parties, including regulators, industry bodies, competitors, and consumers, to its main offices, and by consumers through online forums.

77.     The Product did not conform to its affirmations of fact and promises due to Defendant's actions.

78.     The Product was not merchantable because it was not fit to pass in the trade as advertised, not fit for the ordinary purpose for which it was intended and did not conform to the promises or affirmations of fact made on the packaging, container, or label, because it was marketed as if it contained an amount of vanilla yogurt raisins that had a reasonable relationship to the packaging in which they were presented.

79.     The Product was not merchantable because Defendant had reason to know the particular purpose for which the Product was bought by Plaintiff, because she expected it contained an amount of vanilla yogurt raisins that had a reasonable relationship to the packaging in which

Electronically Filed - St Louis County - November 14, 2022 - 08:35 PM

they were presented, and she relied on Defendant's skill or judgment to select or furnish such a suitable product.

Negligent Misrepresentation

80.    Defendant had a duty to truthfully represent the Product, which it breached.

81.    This duty was non-delegable, based on Defendant's position, holding itself out as having special knowledge and experience in this area, custodian of the Mariani Premium brand, recognized for the high-quality products.

82.    Defendant's representations regarding the Product went beyond the specific representations on the packaging, as they incorporated the extra-labeling promises and commitments to quality, transparency, and putting customers first, that it has been known for.

83.    These promises were outside of the standard representations that other companies may make in a standard arms-length, retail context.

84.    The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in Defendant.

85.    Plaintiff reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, her purchase of the Product.

Fraud

86.    Defendant misrepresented and/or omitted the attributes and qualities of the Product, that it contained an amount of vanilla yogurt raisins that had a reasonable relationship to the packaging in which they were presented.

87.    The records Defendant is required to maintain, and/or the information inconspicuously disclosed to consumers, provided it with actual and constructive knowledge of the falsity and deception, through statements and omissions.

Electronically Filed - St Louis County - November 14, 2022 - 08:35 PM

<u>Unjust Enrichment</u>

88.    Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

 **WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing Defendant to correct the challenged practices to comply with the law;

3. Awarding monetary damages, including statutory and/or punitive damages and interest pursuant to statutory and common law claims;

4. Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys and experts; and

5. Other and further relief as the Court deems just and proper.

Dated:   November 15, 2022

/s/ Daniel F. Harvath
Harvath Law Group, LLC
75 W Lockwood Ave Ste 1
Webster Groves MO 63119
(314) 550-3717
dharvath@harvathlawgroup.com

Sheehan & Associates, P.C.
Spencer Sheehan (*Pro Hac Vice* forthcoming)
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080
spencer@spencersheehan.com