# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

## EASTERN DIVISION

| | |
|---|---|
| Kimberly Diesel, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>    - against -<br><br>Mariani Packing Company, Inc.,<br><br>      Defendant | 4:22-cv-01368-AGF |

Memorandum of Law in Support of
Plaintiff's Motion for Class Certification

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................... 1

TABLE OF AUTHORITIES ..................................................................................................... 2

INTRODUCTION ...................................................................................................................... 5

FACTUAL BACKGROUND .................................................................................................... 5

LEGAL STANDARDS .............................................................................................................. 5

ARGUMENT .............................................................................................................................. 6

I.  REQUIREMENTS OF RULE 23(a) ARE SATISFIED ...................................................... 6

   A.  Common Question of Whether Plaintiff and Consumers Were Misled Based on More Than Half Empty Package .............................. 6

   B.  Plaintiff's Claims are Typical to Other Class Members ......................................... 8

   C.  Plaintiff and Plaintiff's Counsel Will Adequately Represent the Class Members ............................................................................. 8

   D.  The Proposed Class is Sufficiently Numerous ........................................................... 9

II. REQUIREMENTS OF RULE 23(b)(3) ARE SATISFIED ............................................. 10

   A.  Common Questions Predominate .......................................................................... 10

   B.  Damages Can Be Established ................................................................................. 11

III. RULE 23(c)(4) "ISSUE CLASS" CAN BE CERTIFIED ............................................... 14

CONCLUSION ........................................................................................................................ 14

## TABLE OF AUTHORITIES

**Cases**

*Ad Hoc Comm. to Save Homer G. Phillips Hosp. v. City of St. Louis*,
   143 F.R.D. 216 (E.D. Mo. 1992) ............................................................................... 9

*Alpern v. UtiliCorp United, Inc.*,
   84 F.3d 1525 (8th Cir. 1996) ..................................................................................... 8

*Amchem Prod., Inc. v. Windsor*,
   521 U.S. 591 (1997) ....................................................................................... 6, 10, 13

*Amgen Inc. v. Conn. Ret. Plans & Trust Fund*,
   568 U.S. 455 (2013) ................................................................................................ 10

*Arkansas Educ. Ass'n v. Board of Educ. of Portland, Arkansas School Dist.*,
   446 F.2d 763 (8th Cir.1971) ..................................................................................... 9

*Boone v. PepsiCo, Inc.*,
   No. 22-cv-00108, 2023 WL 1070293 (E.D. Mo. Jan. 27, 2023) .......................... 12

*Brazil v. Dole Packaged Foods, LLC*,
   No. 12-cv-1831, 2014 WL 2466559 (N.D. Cal. May 30, 2014) ........................... 13

*Comcast Corp. v. Behrend*,
   569 U.S. 27 (2013) ............................................................................................ 10, 11

*Cruz v. TMI Hosp., Inc.*,
   No. 14-cv-01128, 2015 WL 6671334 (D. Minn. Oct. 30, 2015) ............................ 6

*Donaldson v. Pillsbury Co.*,
   554 F.2d 825 (8th Cir. 1977) ..................................................................................... 8

*Halliburton Co. v. Erica P. John Fund, Inc.*,
   573 U.S. 258 (2014) ................................................................................................ 10

*Hartis v. Chicago Title Ins. Co.*,
   No. 08-cv-00607, 2010 WL 11545067 (W.D. Mo. Sept. 20, 2010) ....................... 7

*Hudock v. LG Elecs. U.S.A., Inc.*,
   No. 16-cv-1220, 2020 WL 1515233 (D. Minn. Mar. 30, 2020) .......................... 11

*Hudock v. LG Elecs. U.S.A., Inc.*,
   12 F.4th 773 (8th Cir. 2021) ................................................................................... 11

*In re Pre-Filled Propane Tank Antitrust Litig.*,
   No. 14-cv-02567, 2019 WL 7160380 (W.D. Mo. Nov. 18, 2019) ....................... 10

*In re Retek, Inc. Sec. Lit.*,
   236 F.R.D. 431 (D. Minn. 2006) ............................................................................ 11

*In re Select Comfort Corp. Sec. Litig.*,
    202 F.R.D. 598 (D. Minn. 2001) ............................................................................................. 14

*In re St. Jude Medical, Inc.*,
    425 F.3d 1116 (8th Cir. 2005) .................................................................................................. 6

*Johannessohn v. Polaris Indus., Inc.*,
    450 F. Supp. 3d 931 (D. Minn. 2020) ..................................................................................... 12

*Kelly v. Cape Cod Potato Chip Co.*,
    81 F. Supp. 3d 754 (W.D. Mo. 2015) ..................................................................................... 12

*Khoday v. Symantec Corp.*,
    No. 11-cv-180, 2014 WL 1281600 (D. Minn. Mar. 13, 2014) ........................................ 10, 12

*Klein v. TD Ameritrade Holding Corp.*,
    342 F.R.D. 252 (D. Neb. 2022) .............................................................................................. 14

*Luiken v. Domino's Pizza, LLC*,
    705 F.3d 370 (8th Cir. 2013) .................................................................................................... 6

*Mund v. EMCC, Inc.*,
    259 F.R.D. 180 (D.Minn.2009) ................................................................................................ 7

*Paxton v. Union Nat. Bank*,
    688 F.2d 552 (8th Cir. 1982) .................................................................................................... 6

*Riedel v. XTO Energy, Inc.*,
    257 F.R.D. 494 (E.D. Ark. 2009) ............................................................................................. 7

*Rikard v. U.S. Auto Prot., LLC*,
    287 F.R.D. 486 (E.D. Mo. 2012) .............................................................................................. 7

*Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.*,
    821 F.3d 992 (8th Cir. 2016) .................................................................................................. 13

*Sellars v. CRST Expedited, Inc.*,
    371 F. Supp. 3d 557 (N.D. Iowa 2019) .................................................................................. 14

*Stuart v. State Farm Fire and Cas. Co.*,
    910 F.3d 371 (8th Cir. 2018) .................................................................................................... 6

*TBK Partners v. Chomeau*,
    104 F.R.D. 127 (E.D. Mo. 1985) .............................................................................................. 7

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ................................................................................................................ 10

*Yarrington v. Solvay Pharms., Inc.*,
    No. 09-cv-02261, 2010 WL 11453553 (D. Minn. Mar. 16, 2010) ......................................... 11

**Statutes**

28 U.S.C. § 1332(d) .................................................................................................................. 5

Mo. Rev. Stat. § 407.010 .......................................................................................................... 5

**Rules**

Fed. R. Civ. P. 23(a) ............................................................................................................ 6, 10

Fed. R. Civ. P. 23(a)(1) ............................................................................................................. 9

Fed. R. Civ. P. 23(a)(2) ............................................................................................................. 7

Fed. R. Civ. P. 23(a)(3) ............................................................................................................. 8

Fed. R. Civ. P. 23(a)(4) ............................................................................................................. 8

Fed. R. Civ. P. 23(b) ............................................................................................................ 6, 10

Fed. R. Civ. P. 23(b)(2) ............................................................................................................. 6

Fed. R. Civ. P. 23(b)(3) .................................................................................................. 6, 10, 13

Fed. R. Civ. P. 23(c)(4) ...................................................................................................... 6, 14

## INTRODUCTION

Plaintiff Kimberly Diesel ("Plaintiff") will move this Court, before the Honorable Sr. District Judge Audrey G. Fleissig, on a date and time the Court will determine, for an Order certifying a class of Missouri purchasers of Defendant Mariani Packing Company, Inc.'s ("Defendant" or "Mariani") Vanilla Yogurt Raisins sold in seven-ounce bags.[1]

## FACTUAL BACKGROUND

Plaintiff filed the Complaint on November 14, 2022, in the St. Louis County Circuit Court, and alleged violations of the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.010, *et seq.*, breaches of warranty and common law claims. ECF No. 1-1, Complaint ¶¶ 56-88.

On December 12, 2022, Defendant removed the action to this Court, based in part on "the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)," claiming that "this Court has subject-matter jurisdiction over a [proposed] class action in which the amount in controversy exceeds $5 million, the proposed class consists of more than 100 members, and there is minimal diversity." ECF No. 1, Notice of Removal at ¶ 9.

On January 9, 2023, Defendant filed its Answer. ECF No. 8. Following a Case Management Order, the parties engaged in discovery and alternative dispute resolution. ECF Nos. 11, 14. Plaintiff now seeks to certify a Missouri class of purchasers under the MMPA and breach of express warranty.

## LEGAL STANDARDS

Rule 23 "authorizes classes that meet requirements of numerosity, commonality, typicality,

---

[1] Plaintiff withdraws her claims on behalf of the Consumer Fraud Multi-State Class and causes of action other than the MMPA and breach of express warranty.

5

and fair and adequate representation." *Luiken v. Domino's Pizza, LLC*, 705 F.3d 370, 372 (8th Cir. 2013) (citing Fed. R. Civ. P. 23(a)).

To certify a class, the moving party "must meet all of the requirements of Rule 23(a) and must satisfy one of the three subsections of Rule 23(b)." *In re St. Jude Medical, Inc.*, 425 F.3d 1116, 1119 (8th Cir. 2005) (citing *Amchem Prod., Inc. v. Windsor,* 521 U.S. 591, 614 (1997)).

This includes situations where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief [] is appropriate." *Paxton v. Union Nat. Bank*, 688 F.2d 552, 563 (8th Cir. 1982) (quoting Fed. R. Civ. P. 23(b)(2)).

It further embraces circumstances where "questions of law or fact common to class members predominate over any questions affecting only individual members, and [where] a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Stuart v. State Farm Fire and Cas. Co.*, 910 F.3d 371, 374 (8th Cir. 2018) (quoting Fed. R. Civ. P. 23(b)(3) ("predominance" and "superiority")).

If a court concludes predominance and superiority may be absent, it can "exercise its discretion under Rule 23(c)(4) to bifurcate the issues of liability and damages [] and to certify…a liability-only class."

Should a court conclude "common questions do not predominate over the individual questions," "Rule 23(c)(4)…provides the requisite authority to certify the classes with respect to the identified common issues." *Cruz v. TMI Hosp., Inc.*, No. 14-cv-01128, 2015 WL 6671334, at *9 (D. Minn. Oct. 30, 2015).

## ARGUMENT

**I.   REQUIREMENTS OF RULE 23(A) ARE SATISFIED**

    A.    <u>Common Question of Whether Plaintiff and Consumers Were Misled Based on More Than Half Empty Package</u>

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." *Hartis v. Chicago Title Ins. Co.*, No. 08-cv-00607, 2010 WL 11545067, at *2 (W.D. Mo. Sept. 20, 2010). This threshold "'does not require that every question be common to the class, but merely that one or more significant questions of law or fact are common to the class.'" *Id.* (citing *TBK Partners v. Chomeau*, 104 F.R.D. 127, 130 (E.D. Mo. 1985)).

Notably, "courts within the Eighth Circuit have stated that 'the commonality requirement imposes a very light burden on a plaintiff seeking to certify a class and is easily satisfied.'" *Rikard v. U.S. Auto Prot., LLC*, 287 F.R.D. 486, 489 (E.D. Mo. 2012) (citing *Mund v. EMCC, Inc.,* 259 F.R.D. 180, 183 (D. Minn. 2009)).

Here, commonality is satisfied because "Defendant designed the plastic bag packaging so consumers like Plaintiff would expect that it contained more vanilla yogurt raisins than it did." Compl. at ¶ 59. Every Missouri purchaser bought a bag of vanilla yogurt raisins that was "only 42% filled…having approximately 58 % empty space." Compl. at ¶ 60.

The claims of Plaintiff and class members derive from a "common nucleus of operative facts," as they were "misled into believing that they [we]re purchasing substantially more vanilla yogurt raisins than they receive[d]." *TBK Partners*, 104 F.R.D. at 130; Compl. at ¶ 10.

Even if some class members, when "Faced with a large and a smaller bag, [] choose the [smaller] bag," "such dissimilarity does not defeat the commonality standard." *Rikard*, 287 F.R.D. at 490; Compl. at ¶ 4.

Commonality is established because whether "The container misleads consumers" because it is more than half empty is just "one issue, the resolution of which will affect all or a significant number of the putative class members." *Riedel v. XTO Energy, Inc.*, 257 F.R.D. 494, 508 (E.D. Ark. 2009); Compl. at ¶ 60.

7

B.  Plaintiff's Claims are Typical to Other Class Members

The typicality requirement is satisfied because "the claims or defenses of [Plaintiff] are typical of the claims or defenses of the class." *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 829 (8th Cir. 1977) (quoting Fed. R. Civ. P. 23(a)(3)).

Should Defendant contend "[f]actual variations in the individual claims" render Plaintiff's claims atypical, this "will not [] preclude class certification." *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996).

Plaintiff and the proposed class assert the same MMPA and express warranty claim, based on the sale of "a bag 19.5 centimeters high" but filled to "only 8 centimeters," such that "[c]onsumers are misled into believing that they are purchasing substantially more vanilla yogurt raisins than they receive." Compl. at ¶¶ 9-10.

C.  Plaintiff and Plaintiff's Counsel Will Adequately Represent the Class Members

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." *Alpern*, 84 F.3d at 1539 quoting Fed. R. Civ. P. 23(a)(4). This is satisfied because Plaintiff and class members have a common interest in establishing Defendant's packaging was misleading to them and that they were similarly injured by paying more than they otherwise would have.

Plaintiff has retained counsel highly experienced in class-action litigation to prosecute her claims and those of the class, who are committed to this litigation. Exhibit A, Resumes of Plaintiff's Counsel.

Plaintiff and Plaintiff's Counsel have no interest antagonistic to the vigorous pursuit of the class's claims against Defendant, as their claims arise under the same legal theories, each was harmed in the same way, and each seeks the same recovery.

D.     The Proposed Class is Sufficiently Numerous

Rule 23(a)(1) requires the class to be so numerous that joinder of individual class members is impracticable. Numerosity "does not require that joinder be impossible, but only that plaintiffs will suffer a strong litigational hardship or inconvenience if joinder is required." *Ad Hoc Comm. to Save Homer G. Phillips Hosp. v. City of St. Louis*, 143 F.R.D. 216, 220 (E.D. Mo. 1992) (citing *Arkansas Educ. Ass'n v. Board of Educ. of Portland, Arkansas School Dist.,* 446 F.2d 763, 765 (8th Cir.1971)).

The Court can take judicial notice that the Mariani vanilla yogurt raisins are sold at no fewer than a dozen retail stores in St. Louis.[2]



This number likely undercounts the number of stores from where the Product is sold, because it appears to list only the largest sellers, such as Walmart and Schnucks. Smaller stores, who obtain their inventory from third parties, do not appear on this list, yet likely make up a significant percentage of overall sales.

---

[2] https://mariani.com/pages/store-locator

9

Defendant's own sales data, provided in discovery, confirms that it has sold thousands of units of vanilla yogurt raisins in Missouri during the class period.

## II.     REQUIREMENTS OF RULE 23(B)(3) ARE SATISFIED

### A.     Common Questions Predominate

Though the "predominance criterion" of Rule 23(b) is "even more demanding than Rule 23(a)," Plaintiff has satisfied this requirement. *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013).

Moreover, "'for purposes of Rule 23(a)(2) even a single common question will do.'" *In re Pre-Filled Propane Tank Antitrust Litig.*, No. 14-cv-02567, 2019 WL 7160380, at *3 (W.D. Mo. Nov. 18, 2019) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011) (distinguishing "commonality" between Rules 23(a)(2) and 23(b)(3)).

While Plaintiff must establish "questions of law or fact common to class members predominate over any questions affecting only individual members," she is not required "to prove that each 'elemen[t] of [her] claim [is] susceptible to classwide proof.'" *Amgen Inc. v. Conn. Ret. Plans & Trust Fund*, 568 U.S. 455, 459, 467-68 (2013). Thus, "predominance is a test readily met in certain cases alleging consumer [] fraud." *Amchem,* 521 U.S. at 625.

The "common question of law and fact that could generate class wide answers" is "whether [Defendant's underfilling a bag 19.5 centimeters high with only 8 centimeters of vanilla yogurt raisins] [was] likely to mislead or deceive class members." *Khoday v. Symantec Corp.*, No. 11-cv-180, 2014 WL 1281600, at *15 (D. Minn. Mar. 13, 2014); Compl. at ¶¶ 9-10.

Plaintiff will show that selling "a bag 19.5 centimeters high" but filling it "only 8 centimeters" was material to the "reasonable consumer," even though "materiality can be left to the merits stage without risking the certification of classes." Compl. at ¶¶ 9-10; *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 282 (2014).

10

The Expert Report concluded that "66.4% [] of the target market for Mariani yogurt covered raisins believes that the package fill level is 50% or greater" and that "75.8% of consumers prefer a package that is more than 50% filled to one that is less than 50% filled, all else being equal." Exhibit B, Declaration of William Ingersoll ("Ingersoll Decl."), ¶¶ 155, 158.

B.     <u>Damages Can Be Established</u>

Courts in this Circuit "have routinely accepted [conjoint] analyses as proper for calculating price premiums on a class-wide basis in a consumer class action." *Hudock v. LG Elecs. U.S.A., Inc.*, No. 16-cv-1220, 2020 WL 1515233, at *15 (D. Minn. Mar. 30, 2020), *rev'd and remanded*, 12 F.4th 773 (8th Cir. 2021).[3]

Though Defendant may argue that "[q]uestions of individual damage calculations will inevitably overwhelm questions common to the class," Plaintiff has described how "to measure the amount that consumers would be willing to pay for yogurt covered raisins that they believed a package fill level 50% or greater, compared to a package fill level of less than 50%." *Comcast*, 569 U.S. at 34; Ingersoll Decl. at ¶¶ 160-184.

Nevertheless, "'[c]ourts frequently grant class certification despite individual differences in class members' damages.'" *Yarrington v. Solvay Pharms., Inc.*, No. 09-cv-02261, 2010 WL 11453553, at *14 (D. Minn. Mar. 16, 2010) (citing *In re Retek, Inc. Sec. Lit.*, 236 F.R.D. 431, 436 (D. Minn. 2006)).

The measure of each class member's damages is the amount of price premium inherent in a bag of vanilla yogurt raisins that class members purchased that corresponds to a supposed package fill level of 50% or greater, as represented by Defendant's package design.

---

[3] *Hudock* was reversed and remanded because appellants presented direct evidence that some class members did not see, or did not rely on, the allegedly false representations such that determination of the appellants' liability would require individual determinations on causation and reliance.

11

Consumers are unable to individually negotiate the price they paid to purchase vanilla yogurt raisins from retailers. Even if the prices of the Mariani vanilla yogurt raisins varied during the class period, certification of a damages class is appropriate because calculating a price premium is as simple as calculating the difference between "the actual value of the product as purchased" and "the value of the product as represented." *Boone v. PepsiCo, Inc.*, No. 22-cv-00108, 2023 WL 1070293, at *6 (E.D. Mo. Jan. 27, 2023) (citing *Kelly v. Cape Cod Potato Chip Co.*, 81 F. Supp. 3d 754, 758-59 (W.D. Mo. 2015)).

As such, the price premium measures the extent to which class members overpaid for prices that were "artificially inflated by the seller's deceptive conduct." *Johannessohn v. Polaris Indus., Inc.*, 450 F. Supp. 3d 931, 961 (D. Minn. 2020).

Plaintiff's Expert Report identified "conjoint analysis" and "hedonic pricing" as tools capable of measuring the value gained by packages being 50% or more filled. Ingersoll Decl. at ¶¶ 160-184.

Common sense, confirmed by the Expert Report, shows that "66.4% [] of the target market for Mariani yogurt covered raisins believes that the package fill level is 50% or greater." Ingersoll Decl. at ¶ 155.

Furthermore, "the package fill level matters to a sizable proportion of the target market for the Product, and [] there was significant confusion with regard to the source of the Product's package fill level for its target market, including past purchasers." Ingersoll Decl. at ¶ 159.

Demonstrating the existence of a viable damages model that makes use of common, class-wide evidence is all that is required, because "'[a]t class certification, plaintiff must present a likely method for determining class damages, though it is not necessary to show that [her] method will work with certainty at this time.'" *Khoday*, 2014 WL 1281600 at *32.

These techniques do not require individual inquiry and produce class-wide results with common evidence. Courts have found that a "Regression Model isolates the effect of the alleged misrepresentation by controlling for all other factors that may affect the price" and satisfies *Comcast*. *See Brazil v. Dole Packaged Foods, LLC*, No. 12-cv-1831, 2014 WL 2466559, at *17 (N.D. Cal. May 30, 2014)

Plaintiff's expert can rely on sales and pricing figures in possession of Mariani to demonstrate damages and restitution. The aggregate damages may then be distributed to class members in a claims process with class-wide notice.

2.   **Class Treatment is Superior and Manageable**

Rule 23(b)(3) "superiority" considerations weigh in favor of class certification, as this will "achieve economies of time, effort, and expense, and promote…uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem*, 521 U.S. at 617.

That class members have no interest in pursuing individual actions is evident because since filing this case, no other Missouri purchasers have filed similar cases against Defendant.

It would be neither economically feasible nor judicially efficient for thousands of class members to pursue their claims on an individual basis because the monetary recovery for each is relatively small. This is consistent with the purposes of Rule 23, "vindication of 'the rights of groups of people who individually would be without effective strength to bring their opponents into court at all.'" *Amchem*, 521 U.S. at 617.

Plaintiff will establish liability through common evidence, the sale of "a bag 19.5 centimeters high" but filled to "only 8 centimeters," without individualized inquiries. Compl. at ¶ 9-10; *see Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.*, 821 F.3d 992, 997-98 (8th Cir. 2016)

(reversing denial of class certification after refusing to apply heightened ascertainability standard).

### III. RULE 23(C)(4) "ISSUE CLASS" CAN BE CERTIFIED

Should the Court conclude that "certification under Rule 23(b)(3) [is] not appropriate, [it can] [] certify an issues class under Rule (23)(c)(4)." *Klein v. TD Ameritrade Holding Corp.*, 342 F.R.D. 252, 259 (D. Neb. 2022). The "particular issue[]" is whether the challenged conduct was misleading. *Sellars v. CRST Expedited, Inc.*, 371 F. Supp. 3d 557, 564 (N.D. Iowa 2019) (citing Rule 23(c)(4); *Evans v. Am. Credit Sys., Inc.*, 222 F.R.D. 388, 389 (D. Neb. 2004); *In re Select Comfort Corp. Sec. Litig.*, 202 F.R.D. 598, 610 (D. Minn. 2001).

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion for Class Certification and the relief specified, appointing her as class representative and her attorneys as counsel for the Class.

Dated:      November 14, 2023

> Respectfully submitted,
>
> /s/ Daniel F. Harvath
> Harvath Law Group, LLC
> 75 W Lockwood Ave Ste 1
> Webster Groves MO 63119
> (314) 550-3717
> dharvath@harvathlawgroup.com
>
> Sheehan & Associates, P.C.
> Spencer Sheehan*
> 60 Cuttermill Rd Ste 412
> Great Neck NY 11021
> (516) 268-7080
> spencer@spencersheehan.com
>
> *Pro Hac Vice* forthcoming
>
> Counsel for Plaintiff

**Certificate of Service**

I certify that on November 14, 2023, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☐ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☒ | ☐ | ☐ | ☐ |

/s/ Daniel Harvath

1