**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

Kimberly Diesel, individually and on behalf of
all others similarly situated,

                      Plaintiff,

       - against -

Mariani Packing Company, Inc.,

                    Defendant

4:22-cv-01368-AGF

Plaintiff's Reply Memorandum of Law in Further Support of
Plaintiff's Motion for Class Certification

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................................... 1

TABLE OF AUTHORITIES ............................................................................................. 2

INTRODUCTION ............................................................................................................. 4

FACTUAL BACKGROUND ............................................................................................ 4

LEGAL STANDARDS ..................................................................................................... 4

ARGUMENT .................................................................................................................... 5

I.      REQUIREMENTS OF RULE 23(a) ARE SATISFIED ..................................... 5

        A.      Plaintiff's Putative Class Satisfies the Commonality Requirement of
                Rule 23(a) ............................................................................................... 5

        B.      Plaintiff's Class Counsel is Adequate .................................................... 7

II.     REQUIREMENTS OF RULE 23(b)(3) ARE SATISFIED ................................ 7

III.    RULE 23(c)(4) "ISSUE CLASS" CAN BE CERTIFIED ................................. 8

IV.     PLAINTIFF'S PROPOSED CLASS SATISFIES STANDING
        REQUIREMENTS ............................................................................................. 8

CONCLUSION ................................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

*Amchem Prod., Inc. v. Windsor,*
    521 U.S. 591 (1997) .......................................................................................... 5, 7

*Amgen Inc. v. Conn. Ret. Plans & Trust Fund,*
    568 U.S. 455 (2013) ............................................................................................... 7

*Comcast Corp. v. Behrend,*
    569 U.S. 27 (2013) ................................................................................................. 7

*Cruz v. TMI Hosp., Inc.,*
    No. 14-cv-01128, 2015 WL 6671334 (D. Minn. Oct. 30, 2015) ........................... 5

*Halliburton Co. v. Erica P. John Fund, Inc.,*
    573 U.S. 258 (2014) ............................................................................................... 8

*Hartis v. Chicago Title Ins. Co.,*
    No. 08-cv-00607, 2010 WL 11545067 (W.D. Mo. Sept. 20, 2010) ...................... 6

*In re Pre-Filled Propane Tank Antitrust Litig.,*
    No. 14-cv-02567, 2019 WL 7160380 (W.D. Mo. Nov. 18, 2019) ......................... 7

*In re Select Comfort Corp. Sec. Litig.,*
    202 F.R.D. 598 (D. Minn. 2001) ........................................................................... 8

*In re St. Jude Medical, Inc.,*
    425 F.3d 1116 (8th Cir. 2005) ............................................................................... 5

*Khoday v. Symantec Corp.,*
    No. 11-cv-180, 2014 WL 1281600 (D. Minn. Mar. 13, 2014) .............................. 7

*Klein v. TD Ameritrade Holding Corp.,*
    342 F.R.D. 252 (D. Neb. 2022) ............................................................................. 8

*Luiken v. Domino's Pizza, LLC,*
    705 F.3d 370 (8th Cir. 2013) ................................................................................. 5

*Mund v. EMCC, Inc.,*
    259 F.R.D. 180 (D.Minn.2009) ............................................................................. 6

*Paxton v. Union Nat. Bank,*
    688 F.2d 552 (8th Cir. 1982) ................................................................................. 5

*Riedel v. XTO Energy, Inc.,*
    257 F.R.D. 494 (E.D. Ark. 2009) .......................................................................... 7

*Rikard v. U.S. Auto Prot., LLC,*
    287 F.R.D. 486 (E.D. Mo. 2012) .......................................................................... 6

*Sellars v. CRST Expedited, Inc.*,
    371 F. Supp. 3d 557 (N.D. Iowa 2019) ............................................................... 8

*Stuart v. State Farm Fire and Cas. Co.*,
    910 F.3d 371 (8th Cir. 2018) ............................................................................... 5

*TBK Partners v. Chomeau*,
    104 F.R.D. 127 (E.D. Mo. 1985) ......................................................................... 6

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ............................................................................................. 7

**Statutes**

28 U.S.C. § 1332(d) ...................................................................................................... 4

Mo. Rev. Stat. § 407.010 .............................................................................................. 4

**Rules**

Fed. R. Civ. P. 23(a) ................................................................................................. 5, 7

Fed. R. Civ. P. 23(a)(2) .................................................................................................. 6

Fed. R. Civ. P. 23(b) ................................................................................................. 5, 7

Fed. R. Civ. P. 23(b)(2) .................................................................................................. 5

Fed. R. Civ. P. 23(b)(3) ............................................................................................. 5, 7

Fed. R. Civ. P. 23(c)(4) ............................................................................................. 5, 8

## INTRODUCTION

Plaintiff Kimberly Diesel ("Plaintiff") submits the following Reply to Defendant Mariani Packing Company, Inc.'s ("Defendant" or "Mariani") Opposition to Plaintiff's Motion for Class Certification ("Opposition" or "Def. Opp.") and in further support of her Motion for Class Certification. ECF Nos. 26, 31.

## FACTUAL BACKGROUND

Plaintiff filed the Complaint on November 14, 2022, in the St. Louis County Circuit Court, and alleged violations of the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.010, *et seq.*, breaches of warranty and common law claims. ECF No. 1-1, Complaint ¶¶ 56-88.

On December 12, 2022, Defendant removed the action to this Court, based in part on "the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)," claiming that "this Court has subject-matter jurisdiction over a [proposed] class action in which the amount in controversy exceeds $5 million, the proposed class consists of more than 100 members, and there is minimal diversity." ECF No. 1, Notice of Removal at ¶ 9.

On January 9, 2023, Defendant filed its Answer. ECF No. 8. Following a Case Management Order, the parties engaged in discovery and alternative dispute resolution. ECF Nos. 11, 14.

Plaintiff filed her Motion for Class Certification on November 13, 2023. ECF No. 26. Defendant filed its Opposition on December 18, 2023. ECF No. 31.

## LEGAL STANDARDS

Rule 23 "authorizes classes that meet requirements of numerosity, commonality, typicality, and fair and adequate representation." *Luiken v. Domino's Pizza, LLC*, 705 F.3d 370, 372 (8th Cir.

2013) (citing Fed. R. Civ. P. 23(a)).

To certify a class, the moving party "must meet all of the requirements of Rule 23(a) and must satisfy one of the three subsections of Rule 23(b)." *In re St. Jude Medical, Inc.*, 425 F.3d 1116, 1119 (8th Cir. 2005) (citing *Amchem Prod., Inc. v. Windsor,* 521 U.S. 591, 614 (1997)).

This includes situations where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief [] is appropriate." *Paxton v. Union Nat. Bank*, 688 F.2d 552, 563 (8th Cir. 1982) (quoting Fed. R. Civ. P. 23(b)(2)).

It further embraces circumstances where "questions of law or fact common to class members predominate over any questions affecting only individual members, and [where] a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Stuart v. State Farm Fire and Cas. Co.*, 910 F.3d 371, 374 (8th Cir. 2018) (quoting Fed. R. Civ. P. 23(b)(3) ("predominance" and "superiority")).

If a court concludes predominance and superiority may be absent, it can "exercise its discretion under Rule 23(c)(4) to bifurcate the issues of liability and damages [] and to certify…a liability-only class."

Should a court conclude "common questions do not predominate over the individual questions," "Rule 23(c)(4)…provides the requisite authority to certify the classes with respect to the identified common issues." *Cruz v. TMI Hosp., Inc.*, No. 14-cv-01128, 2015 WL 6671334, at *9 (D. Minn. Oct. 30, 2015).

## ARGUMENT

## I.      REQUIREMENTS OF RULE 23(A) ARE SATISFIED

### A.      Plaintiff's Putative Class Satisfies the Commonality Requirement of Rule 23(a)

Defendant claims that "commonality is not met because the question of whether consumers

were misled would impede the generation of common answers due to many dissimilarities within the proposed class." Def. Opp. at 9.

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." *Hartis v. Chicago Title Ins. Co.*, No. 08-cv-00607, 2010 WL 11545067, at *2 (W.D. Mo. Sept. 20, 2010). This threshold "'does not require that every question be common to the class, but merely that one or more significant questions of law or fact are common to the class.'" *Id.* (citing *TBK Partners v. Chomeau*, 104 F.R.D. 127, 130 (E.D. Mo. 1985)).

Notably, "courts within the Eighth Circuit have stated that 'the commonality requirement imposes a very light burden on a plaintiff seeking to certify a class and is easily satisfied.'" *Rikard v. U.S. Auto Prot., LLC*, 287 F.R.D. 486, 489 (E.D. Mo. 2012) (citing *Mund v. EMCC, Inc.,* 259 F.R.D. 180, 183 (D. Minn. 2009)).

Here, commonality is satisfied because "Defendant designed the plastic bag packaging so consumers like Plaintiff would expect that it contained more vanilla yogurt raisins than it did." Compl. at ¶ 59. Every Missouri purchaser bought a bag of vanilla yogurt raisins that was "only 42% filled…having approximately 58 % empty space." Compl. at ¶ 60.

The claims of Plaintiff and class members derive from a "common nucleus of operative facts," as they were "misled into believing that they [we]re purchasing substantially more vanilla yogurt raisins than they receive[d]." *TBK Partners*, 104 F.R.D. at 130; Compl. at ¶ 10.

Even if some class members, when "Faced with a large and a smaller bag, [] choose the [smaller] bag," "such dissimilarity does not defeat the commonality standard." *Rikard*, 287 F.R.D. at 490; Compl. at ¶ 4.

Commonality is established because whether "The container misleads consumers" because it is more than half empty is just "one issue, the resolution of which will affect all or a significant

number of the putative class members." *Riedel v. XTO Energy, Inc.*, 257 F.R.D. 494, 508 (E.D. Ark. 2009); Compl. at ¶ 60.

        B.    <u>Plaintiff's Class Counsel is Adequate</u>

To the extent the Court merits Defendant's argument, the Court should allow this action to proceed with only Daniel Harvath as Plaintiff's Class Counsel.

## II.    REQUIREMENTS OF RULE 23(B)(3) ARE SATISFIED

Defendant alleges that individualized issues predominate. Def. Opp. at 12.

However, though the "predominance criterion" of Rule 23(b) is "even more demanding than Rule 23(a)," Plaintiff has satisfied this requirement. *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013).

Moreover, "'for purposes of Rule 23(a)(2) even a single common question will do.'" *In re Pre-Filled Propane Tank Antitrust Litig.*, No. 14-cv-02567, 2019 WL 7160380, at *3 (W.D. Mo. Nov. 18, 2019) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011) (distinguishing "commonality" between Rules 23(a)(2) and 23(b)(3)).

While Plaintiff must establish "questions of law or fact common to class members predominate over any questions affecting only individual members," she is not required "to prove that each 'elemen[t] of [her] claim [is] susceptible to classwide proof.'" *Amgen Inc. v. Conn. Ret. Plans & Trust Fund*, 568 U.S. 455, 459, 467-68 (2013). Thus, "predominance is a test readily met in certain cases alleging consumer [] fraud." *Amchem,* 521 U.S. at 625.

The "common question of law and fact that could generate class wide answers" is "whether [Defendant's underfilling a bag 19.5 centimeters high with only 8 centimeters of vanilla yogurt raisins] [was] likely to mislead or deceive class members." *Khoday v. Symantec Corp.*, No. 11-cv-180, 2014 WL 1281600, at *15 (D. Minn. Mar. 13, 2014); Compl. at ¶¶ 9-10.

Plaintiff will show that selling "a bag 19.5 centimeters high" but filling it "only 8 centimeters" was material to the "reasonable consumer," even though "materiality can be left to the merits stage without risking the certification of classes." Compl. at ¶¶ 9-10; *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 282 (2014).

The Expert Report concluded that "66.4% [] of the target market for Mariani yogurt covered raisins believes that the package fill level is 50% or greater" and that "75.8% of consumers prefer a package that is more than 50% filled to one that is less than 50% filled, all else being equal." Exhibit A, Declaration of William Ingersoll ("Ingersoll Decl."), ¶¶ 155, 158.

## III.    RULE 23(C)(4) "ISSUE CLASS" CAN BE CERTIFIED

Defendant alleges that "certification under Rule 23(c)(4) is in appropriate." Def. Opp. at 13.

However, should the Court conclude that "certification under Rule 23(b)(3) [is] not appropriate, [it can] [] certify an issues class under Rule (23)(c)(4)." *Klein v. TD Ameritrade Holding Corp.*, 342 F.R.D. 252, 259 (D. Neb. 2022). The "particular issue[]" is whether the challenged conduct was misleading. *Sellars v. CRST Expedited, Inc.*, 371 F. Supp. 3d 557, 564 (N.D. Iowa 2019) (citing Rule 23(c)(4); *Evans v. Am. Credit Sys., Inc.*, 222 F.R.D. 388, 389 (D. Neb. 2004); *In re Select Comfort Corp. Sec. Litig.*, 202 F.R.D. 598, 610 (D. Minn. 2001).

## IV.    PLAINTIFF'S PROPOSED CLASS SATISFIES STANDING REQUIREMENTS

Defendant claims that "Plaintiff's proposed class contains a likely majority of members who have no injury, and thus lack standing." Def. Opp. at 13.

However, Plaintiff has submitted admissible evidence of a price premium in the form of Dr. Ingersoll's September 11, 2023 Report. Dr. Ingersoll's testimony with respect to price premium easily meets the requirements of Federal Rule of Evidence 702 and Daubert. Dr. Ingersoll

is qualified to testify regarding price premium; his opinions are the product of reliable principles and methods; and Dr. Ingersoll's testimony with respect to price premium will assist the trier of fact in evaluating injury and damages.

As all members of Plaintiff's proposed class have all sustained injury in the form of a price premium, Plaintiff's proposed class does not lack standing.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion for Class Certification and the relief specified, appointing her as class representative and her attorneys as counsel for the Class.

Dated:        January 16, 2024

                                              Respectfully submitted,

                                              /s/ Daniel F. Harvath
                                              Harvath Law Group, LLC
                                              75 W Lockwood Ave Ste 1
                                              Webster Groves MO 63119
                                              (314) 550-3717
                                              dharvath@harvathlawgroup.com

                                              Counsel for Plaintiff

**Certificate of Service**

I certify that on January 16, 2024, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☐ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☒ | ☐ | ☐ | ☐ |

/s/ Daniel Harvath