**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| Kimberly Diesel, an individual, on behalf of plaintiff and a class, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:22-cv-01368-AGF ) |
| Mariani Packing Company, | ) ) ) |
| Defendant. | ) ) ) |

# DEFENDANT MARIANI PACKING COMPANY'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO PLAINTIFF KIMBERLY DIESEL'S MOTION FOR CLASS CERTIFICATION

# TABLE OF CONTENTS

*Page*

INTRODUCTION ................................................................................................................................ 1

LEGAL STANDARD......................................................................................................................... 1

    I.    IT IS THE PLAINTIFF'S BURDEN TO SATISFY THE HEIGHTENED REQUIREMENTS UNDER THE 2020 MMPA AMENDMENTS..............................1

ARGUMENT ...................................................................................................................................... 2

    I.    PLAINTIFF HAS NOT SATISFIED THE 2020 AMENDMENTS TO MMPA CLAIMS ................................................................................................................2

        A.    Plaintiff has not Acted as a Reasonable Consumer Would in Expecting Higher Fill level ........................................................................................2

        B.    The Causation Requirements Codified by the 2020 Amendments Make Plaintiff's Class Unascertainable by Affecting Predominance ..........................4

        C.    Plaintiff has not Alleged an Ascertainable Loss ................................................6

CONCLUSION................................................................................................................................... 7

i

## TABLE OF AUTHORITIES

*Page*

**Cases**

*Abbot v. Golden Grain Co.,* No. 22-cv-001240, 2023 WL 3975107 (E.D. Mo. June 13, 2023).... 2

*Barreto v. Westbrae Natural, Inc.,* 518 F.Supp 3d 795 (S,D, N.Y. 2021) ...................................... 4

*Bell v. Annie's, Inc.,* No. 4:22-cv-01367-MTS 2023 WL 3568623 at *3 (E.D. Mo. May 18, 2023) ............................................................................................................................................ 3, 4, 6

*Critcher v. L'Oreal USA, Inc.,* 959 F. 3d 31 (2d Cir. 2020) ......................................................... 4

*Dedloff v. Whole Foods Market Grp., Inc.,* No. 4:22-cv-01340-AGF 2023 WL 5428501 (E.D. Mo. Aug. 23, 2023) .................................................................................................................. 7

*Fermin v. Pfizer Inc.,* 215 F.Supp 3d 209 (E.D. N.Y. 2016) .......................................................... 4

*Harris v. Mondelez Global, LLC.,* 2020 WL 4336390 (E.D. N.Y. July 28, 2020) ........................ 4

*In re Bisphenol-A (BPA) Polycarbonate Plastic Prods. Liab. Litig.,* No. 08-1967-MD-W-ODS 2011 WL 6740338 (W.D. Mo. Dec. 22, 2011) ...................................................................... 5, 6

*Plubell v. Merck & Co., Inc.,* 289 S.W. 3d 707 (Mo. Ct. App. 2009) ........................................... 4

*State ex. Rel. Coca-Cola Co. v. Nixon,* 249 S.W. 3d 855 (Mo. banc. 2008) .............................. 5, 6

*White v. Just Born, Inc.,* No. 2:17-cv-04025 2018 WL 3748405 (W.D. Mo. August 7, 2018) .. 5, 6

**Statutes**

Mo. Rev. Stat. § 407.010 ...................................................................................................... passim

**Rules**

Fed. R. Civ. P. Rule 23 ..................................................................................................................... 1

**INTRODUCTION**

On November 14, 2022, Plaintiff Kimberly Diesel ("Plaintiff" or "Ms. Diesel") filed a Complaint against Defendant Mariani Packing Company, ("Defendant" or "Mariani"). *See* Dkt. No. 1. Therein, Plaintiff alleges that Defendant committed alleged violations of the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.010 *et seq.*, breaches of warranty and common law claims. *Id*. More specifically, Plaintiff alleges that its yogurt covered raisins contain excess slack fill. Defendant removed the action before this Court on December 12, 2022. To date, Plaintiff has withdrawn all claims aside from her MMPA claim. EFC. No. 35.

Plaintiff filed her Motion for Class Certification on November 13, 2023, to which Defendant Responded in Opposition on December 18, 2023. ECF Nos. 26 and 31. Plaintiff then filed her Reply to Defendant's Opposition on January 16, 2023. ECF No. 33.

The Court then directed the parties to provide additional briefing addressing the impact of the 2020 MMPA Amendment with respect to the class certification issues before the Court. Plaintiff filed its Supplemental Brief on February 21, 2024. ECF No. 35. Defendant now files the following in response.

**LEGAL STANDARD**

I. **IT IS THE PLAINTIFF'S BURDEN TO SATISFY THE HEIGHTENED REQUIREMENTS UNDER THE 2020 MMPA AMENDMENTS.**

Defendant incorporates the rigorous Rule 23 legal standards previously set forth in Defendant's Response in Opposition to Plaintiff's Motion to Certify. ECF No. 31. In addition, Plaintiff must meet the requirements set forth by the substantial amendments to the MMPA in 2020.

In 2020, the Missouri Legislature amended the MMPA to place more stringent requirements on plaintiffs raising MMPA claims by adding the following:

1

A person seeking to recover damages shall establish:

(a) That the person acted as a reasonable consumer would in light of all circumstances;

(b) That the method, act, or practice declared unlawful by § 407.020 would cause a reasonable person to enter into the transaction that resulted in damages; and

(c) Individual damages with sufficiently definitive ad objective evidence to allow the loss to be calculated with a reasonable degree of certainty.

*Abbot v. Golden Grain Co.,* No. 22-cv-001240, 2023 WL 3975107 (E.D. Mo. June 13, 2023). These three elements are now in addition to the original four elements set by the pre-amendment MMPA. *Id.* at *4.

The original four elements that are still in place include establishing that the plaintiff: (1) purchased merchandise (2) for personal, family or household purposes, and (3) suffered an ascertainable loss of money or property (4) as a result of an act declared unlawful under § 407.020. *Id.* Plaintiff's class cannot be certified because she fails to adequately meet the MMPA requirements.

## ARGUMENT

### I. PLAINTIFF HAS NOT SATISFIED THE 2020 AMENDMENTS TO MMPA CLAIMS

#### A. Plaintiff has not Acted as a Reasonable Consumer Would in Expecting Higher Fill level

As a result of the 2020 legislation, the MMPA now requires Plaintiff to prove that he or she acted "as a reasonable consumer would in light of all circumstances." RSMo § 407.025(1). The Amendment empowers judges to "dismiss a claim as a matter of law where the claim fails to show a likelihood that the method, act, or practice alleged to be unlawful would mislead a

reasonable consumer." *Id.* The legislation codified the reasonable consumer standard that was generally recognized in Missouri, although never explicit.

In *Bell v. Annie's, Inc.,* No. 4:22-cv-01367-MTS 2023 WL 3568623 at *3 (E.D. Mo. May 18, 2023), this Court precisely addressed this issue in its holding, and stated that "reasonable consumers review products labeling and packaging." *Id.* at *4. As Plaintiff points out in her brief, the Product displays a clear window to view the contents in the package. The clear window accurately shows where in the package the contents are located, and does not have a false, misleading, or deceptive marker on the package which would lead a reasonable consumer into believing there are more contents in the package than what is represented by the Product.

Further, in addition to a clear window to view the contents, the package also clearly states the net weight of the content on the face of the packaging. In *Bell,* this Court concluded that a box with a net weight or serving size was "more than enough to clear up any possible confusion of a reasonable consumer." *Id.* at *5. Moreover, this Court rejected Plaintiff's argument that he did not "understand" … "information on the box about its net weight or serving." *Id.* ("If adequate label information were supplied, it seems reasonable to expect that consumes would read it; at least it is not evident why the cost of reading available information should be considered excessive." (citation omitted)). Just as it did in *Bell,* the Court should reject Plaintiff's argument that she did not understand how much Product she would receive based off the net-weight listed on the package, and that listing the net weight of the Product was "more than enough to clear up possible confusion to a reasonable consumer."

Under the analysis of the objective, reasonable consumer standard, Plaintiff fails to allege how the either clear window or net weight of the package would mislead a consumer into believing the package contains more contents than it states or displays. Assuming *in arguendo* that Plaintiff's

3

assertion on page 13 of her Supplemental Brief is true – that "all persons buying the Product viewed the entire package" – then all persons buying the Product viewed the net weight and the clear window displaying the contents of the Product. Therefore, class certification must be denied as any reasonable person viewing the package would not be misled by the contents packaging. *See Bell,* at *4.

The reasonable consumer standard is not only recognized in Missouri, but in other jurisdictions as well. In the context of consumer class actions, courts have heavily relied on the reasonable consumer doctrine to dismiss claims equivalent to MMPA claims and/or deny class certification. See *Fermin v. Pfizer Inc.,* 215 F.Supp 3d 209 (E.D. N.Y. 2016) (court dismissed plaintiff's class action that Advil bottle contained non-functional slack-fill). *See also Barreto v. Westbrae Natural, Inc.,* 518 F.Supp 3d 795 (S,D, N.Y. 2021) (court dismissed claim for lack of standing and failure to state a claim that the vanilla flavor in a soymilk product was not derived from the vanilla plant); *Harris v. Mondelez Global, LLC.,* 2020 WL 4336390 (E.D. N.Y. July 28, 2020) (court held that reasonable consumers would not interpret Oreo cookies made with "real cocoa" as unprocessed cocoa); *Critcher v. L'Oreal USA, Inc.,* 959 F. 3d 31 (2d Cir. 2020) (court held reasonable consumers do not expect a pump on a cosmetics bottle to dispense every ounce of its contents). In accordance with Missouri case law, as well as Federal case law across multiple jurisdictions, Plaintiff's class certification should be denied.

### B. The Causation Requirements Codified by the 2020 Amendments Make Plaintiff's Class Unascertainable by Affecting Predominance

Prior to the 2020 Amendment, the MMPA did not require plaintiffs to show they relied upon or were even influenced by an alleged misrepresentation. *See Plubell v. Merck & Co., Inc.,* 289 S.W. 3d 707 (Mo. Ct. App. 2009) (finding the MMPA does not require consumer reliance on an unlawful practice or that an unlawful practice caused a purchase). Now, the MMPA standard is

4

heightened and requires a plaintiff to establish that the allegedly unfair business practice would *cause* a reasonable person to enter into a transaction that resulted in damages. Mo. Rev. Stat. § 407.025.1(1). Not only does this require class representatives to establish reasonableness, but also causation. *Id*. This law advances the principle that a class member is not injured and has no grievance under an MMPA claim when that person "did not care" about the aspect of the product at issue or "knew about" the product's features, but "purchased the products anyway." *State ex. Rel. Coca-Cola Co. v. Nixon,* 249 S.W. 3d 855 (Mo. banc. 2008). This principle alone is one that is not predominant among all individuals to the class.

For instance, although prior to the 2020 Amendments, the Missouri Supreme Court applied this standard in *Coca-Cola. Id.* In sum, and to avoid repetition of the facts in *Coca-Cola v. Nixon* as more thoroughly stated in Defendant's Response in Opposition (EFC No. 31), the Missouri Supreme Court denied class certification where the "class could conclude millions who were not injured and thus have no grievance under the MMPA" because not all class members were misled in their purchase. *Id. See also, In re Bisphenol-A (BPA) Polycarbonate Plastic Prods. Liab. Litig.,* No. 08-1967-MD-W-ODS 2011 WL 6740338 (W.D. Mo. Dec. 22, 2011) (where the court denied the plaintiff's motion for class certification on the basis that the individuals who knew about Bisphenol-A existence in the baby bottles and the surrounding controversy before purchasing the product had no injury) (more thoroughly explained in Defendant's Response in Opposition. ECF No 31.)

Likewise, in *White v. Just Born, Inc.,* the Court relied upon *Coca-Cola v. Nixon* to deny class certification of a slack-fill claim targeting candy boxes because the class could include members who knew how much space was in the box but continued to purchase the product. *White v. Just Born, Inc.,* No. 2:17-cv-04025 2018 WL 3748405 (W.D. Mo. August 7, 2018). In that case,

5

similar to Plaintiff's claim here, the plaintiff bought a box of candy and claimed he was misled to believe that he was purchasing more product than was actually received, and that the slack-fill space served no purpose. *Id.* at *1. The court used the causation requirement along with the reasonable consumer standard – both explicitly recognized two years later under the 2020 MMPA Amendment – to determine that class members who knew how much slack-fill was in a candy box before purchasing it suffered no injury. *Id.* at *4. As a result, the court denied the class certification for an MMPA claim.

The case before this Court today is identical to *White, Coca-Cola, and In re BPA Polycarbonate Plastic Prods.,* in that the causation requirement explored in these cases, and now codified into the statute, makes the class unascertainable. A theoretical proper class would only encompass individuals who relied upon a misrepresentation to cause them to purchase the Product – although no misrepresentation occurred here. This would require an inquiry into whether *each individual* class member knew about the Product's features but decided to purchase the product anyway. As such, just as in the three cases above, the Court should deny Plaintiff's motion to certify.

    **C.**    **Plaintiff has not Alleged an Ascertainable Loss**

Similar to the way that Plaintiff's class is unascertainable, Plaintiff has failed to allege an ascertainable loss sufficient under the MMPA. Contrary to Plaintiff's assertion that 2020 Amendments do not raise the pleading standard for alleging damages, the Amendments more closely define recoverable damages in MMPA claims. Plaintiffs must now establish "damages with sufficiently definitive and objective evidence to allow the loss to be calculated with a reasonable degree of certainty." Mo. Rev. Stat. § 407.025(1)(2)(c). *Bell,* at *3 (holding in cases where the claim accrued After August 28, 2020, Plaintiff also must establish, plead, and prove,

6

individual damages with sufficiently definitive and objective evidence to allow the loss to be calculated with a reasonable degree of certainty).

In *Dedloff v. Whole Foods Market Grp., Inc.,* No. 4:22-cv-01340-AGF 2023 WL 5428501 (E.D. Mo. Aug. 23, 2023), this Court found that Plaintiff failed to properly establish damages sufficient to meet the 2020 MMPA Amendment standards. In that case, and similar to Plaintiff's claims here, the plaintiff alleged that Whole Foods sold a box of 365 Pilaf at a higher price than it would have if its packaging were not deceptive. However, with the net weight being listed on the box, this Court found that "[p]laintiff got exactly what she bargained for – a 6 ounce package or rice pilaf – and she cannot plausibly plead otherwise." *Id.* at *6. This Court found that this failure to allege an ascertainable loss in accordance with the MMPA Amendment warranted dismissal of her MMPA claim. *See id.* Here, the Court should find consistent with its own recent rulings this past year in holding that Plaintiff is unable to allege an ascertainable loss due to the clear, non-misleading packaging, and deny her motion to certify.

## CONCLUSION

For the foregoing reasons, Defendant Mariani Packing Company respectfully moves this Honorable Court for entry of an Order denying Plaintiff's motion for class certification.

Respectfully Submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By:   /s/ James C. Morris
     James C. Morris, #53074
     Chelsea M. Baran, #73627
     211 North Broadway, Suite 2150
     St. Louis, Missouri 63102
     Tel: (314) 961-6686
     Fax: (314) 338-3076
     jmorris@grsm.com
     cbaran@grsm.com
     *Counsel for Defendant*
     *Mariani Packing Company*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court on March 6, 2024, thereby executing service upon all counsel of record by operation of the Court's electronic filing system.

                                                          */s/ James C. Morris*