**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| Kimberly Diesel, individually and on behalf of all others similarly situated, | 4:22-cv-01368-AGF |
| Plaintiff, | |
| - against - | |
| Mariani Packing Company, Inc., | |
| Defendant | |

Plaintiff's Motion and Memorandum of Law in Support
of Notice Provider and Notice Plan

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................... 1

TABLE OF AUTHORITIES .................................................................................................... 2

INTRODUCTION ................................................................................................................... 2

LEGAL STANDARDS ............................................................................................................ 3

ARGUMENT .......................................................................................................................... 3

I.      ANALYTICS CONSULTING LLC SHOULD BE APPOINTED TO
ADMINISTER NOTICE PROGRAM .......................................................................... 3

II.     PROPOSED NOTICE PROGRAM SHOULD BE APPROVED ..................................... 3

CONCLUSION ....................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Petrovic v. Amoco Oil Co.*,
    200 F.3d 1140 (8th Cir. 1999) ................................................................. 5

**Rules**

Fed. R. Civ. P. 23(b)(3) ........................................................................... 3

Fed. R. Civ. P. 23(c)(2)(B) ...................................................................... 3

**Treatises**

Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, "Managing Class
    Action Litigation: A Pocket Guide or Judges," at 27 (3d ed. 2010) ....................................... 5

## INTRODUCTION

On behalf of the certified class of Missouri purchasers, Kimberly Diesel ("Plaintiff") submits this Motion and Memorandum of Law in Support of her request to Approve the Notice Provider and Notice Plan, pursuant to the Court's Order. ECF No. 37.

## LEGAL STANDARDS

Fed. R. Civ. P. 23(c)(2)(B) provides that "For any class certified under Rule 23(b)(3)…the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means."

## ARGUMENT

## I.    ANALYTICS CONSULTING LLC SHOULD BE APPOINTED TO ADMINISTER NOTICE PROGRAM

Class Counsel recommends that Notice be administered by Analytics Consulting LLC ("Analytics"). As seen in the Declaration of Analytics President Richard W. Simmons, ("Simmons Decl."), Analytics is a highly respected and experienced class action notice and claims administration company. Simmons Decl. ¶¶ 3-9.

Collectively, the management team at Analytics has overseen more than 2,000 class action settlements and distributed money to over 40 million class members. *Id* ¶ 1, 5.

Analytics' work in providing class action notices has been approved repeatedly by the judiciary. *Id.* at 9.

## II.    PROPOSED NOTICE PROGRAM SHOULD BE APPROVED

The Notice Program proposed by Analytics is based upon its expertise in notice provision services. It utilizes a robust paid media campaign consisting of state-of-the-art targeted internet

banner notice to notify members of the class, as well as a national press release to over 12,000 traditional media outlets and 2,500 online outlets. Simmons Decl. ¶ 11.

The Notice Program also includes an informational website and toll-free telephone line where Class Members can learn more about their rights and responsibilities in the litigation. *Id.*

With respect to the paid advertising, the Notice Program is designed to deliver an approximate 70% reach with an average frequency of 2.00 times. This means that at least 70% of the target audience (the Class) will see an advertisement concerning the litigation an average of 2.00 times each.

This 70% reach is separate and apart from the national press release, informational website, and toll-free line, all of which are difficult to measure in terms of reach percentage but will nonetheless aid in informing the Class of their rights and options. Id ¶ 12.

With respect to the digital portion of the Notice Program, Analytics utilizes advanced targeting and a known and verifiable target audience profile to ensure that members of the Target Audience are reached online.

Through this "programmatic" approach, Analytics will be able to target members of the Class. Purchasing display and mobile inventory programmatically provides the highest reach, allows for numerous advanced targeting methodologies, and offers the most cost-efficient rates to reach potential Class Members.

The programmatic display advertising will be implemented using a thirty-day desktop and mobile campaign, utilizing banner ads. A frequency cap will be imposed to maximize reach. The internet banner campaign is designed to serve approximately 1,900,500 impressions. Simmons Decl. ¶ 20. All banner advertisements will be linked directly to the Website.

This provides Class Members with the ability to transition directly from a summary message regarding the litigation to a comprehensive online resource (the Website) providing detailed information regarding the litigation. The digital media campaign will be routinely monitored by Analytics to analyze key campaign performance indicators, such as click-through rates and costs per action. This knowledge will be leveraged to allocate placements to sites that have demonstrated to be successful throughout the duration of the campaign.

The substance of the Notice Plan satisfies Federal Civil Procedure Rule 23, because it "provide[s] a reasonable summary of the stakes of the litigation, and class members could easily acquire more detailed information," through the proposed website. *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1153 (8th Cir. 1999).

The Federal Judicial Center states that a publication notice plan that reaches 70% of class members is one that reaches a "high percentage" and is within the "norm." Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, "Managing Class Action Litigation: A Pocket Guide or Judges," at 27 (3d ed. 2010).

Here, the proposed notice plan meets the recommendation of the Federal Judicial Center with just the paid advertising and exceeds it further with the informational press release, case-specific informational website, or the toll-free telephone hotline.

In sum, the robust proposed Notice Program handily meets the requirements of due process and the Federal Rules of Civil Procedure. Indeed, in a class case where records of purchasers are not readily available, Plaintiff's proposed Notice Program, which relies on internet banner notices, may be the only type of notice practicable.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion.

Dated:          May 2, 2024

Respectfully submitted,

/s/ Daniel F. Harvath
Harvath Law Group, LLC
75 W Lockwood Ave Ste 1
Webster Groves MO 63119
(314) 550-3717
dharvath@harvathlawgroup.com

Counsel for Class

**Certificate of Service**

I certify that on May 2, 2024, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☐ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☒ | ☐ | ☐ | ☐ |

/s/ Daniel Harvath

1